UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**SEBASTIAN ROBLEDO-VALDEZ**                                                    **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 4:16-CV-P32-JHM**

**PRISONER TRANSPORT SERVICES et al.**                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Sebastian Robledo-Valdez, filed a *pro se*, *in forma pauperis* civil-rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

At the time Plaintiff filed his complaint, he was incarcerated in Golden, Colorado. He names as Defendants Prison Transport Services (PTS) and two of its employees. He alleges that Defendant Prison Transport Services picked him up from the Bexar County Jail in San Antonio, Texas on February 1, 2015. He states that for the next five days he was kept "handcuffed, fettered, shackeled" in a "hard plastic chair, unable to shower, shave, sleep, wash my hands, or brush my teeth." He states that he received no fruits or vegetables during this time and for the first four days was not allowed to step off of the van/bus. He alleges that two Lieutenants, whom he names as Defendants White PTS Lieutenant (Doe) and Black PTS Lieutenant (Doe), kept him and 12 others "in cages"; "fed us fast food of their choosing; kept us awake for 20 to 22 hours a day; gave [him] dirty soiled blankets when it was snowing outside; and refused to let [him] shower or shave or brush [his] teeth." Plaintiff alleges that he was struck in the face when he

"demanded a phone call to an attorney." He further alleges that he was denied two meals and did not receive snacks. He alleges that his First, Fourth, and Eighth Amendment rights were violated for five and one-half days. He also alleges that similar things happened to him for 16 days in 2008 when he was being transported by Prison Transport Services.

Plaintiff states that PTS's "relay/way station" is in Owensboro, Kentucky. He states that the jail in Owensboro is where PTS leaves inmates and transfers inmates to other vehicles. According to the complaint, Plaintiff spent eight days at the Daviess County Jail in 2008 while waiting for another PTS bus.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and [] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, it is clear from the face of the complaint that the incidents about which Plaintiff complains occurred in 2008 and in early February 2015. However, the complaint states that Plaintiff placed the complaint in the prisoner mail system for mailing on March 11, 2016. Under the mailbox rule, the document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The complaint, therefore, was filed after the limitations period had run. Thus, the instant action is time-barred.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Date: August 31, 2016

                                                          **Joseph H. McKinley, Jr., Chief Judge**
                                                            **United States District Court**

cc:     Plaintiff, *pro se*
         Defendants
4414.009